UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,

Petitioners,

-against-

NAV TECH CONSTRUCTION CORP.,

Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/10/2022

21 Civ. 2502 (AT)

**ORDER AND JUDGMENT**

ANALISA TORRES, District Judge:

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; The Carpenter Contractor Alliance of Metropolitan New York (collectively, the "Funds"); and the New York City District Council of Carpenters (the "Union"), bring this petition under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3), and § 301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm an arbitration award (the "Award") against Respondent Nav Tech Construction Corp, *see* Pet., ECF No. 2. Respondent has not appeared in this action, and the petition is unopposed. For the reasons stated below, the petition is GRANTED.

**BACKGROUND**

Around 2007, Respondent entered into an agreement with the Union in which it agreed to be bound by an Independent Building Construction Agreement (the "CBA") with the Union.  56.1 Stmt. ¶ 6, ECF No. 15.  The CBA contains a clause which provides that it will be binding on the Respondent and the Union "until June 30, 2015 and shall be renewed automatically for one-year intervals thereafter unless notice to the other . . . has been provided by either party."  *Id.* ¶ 8.  On April 11, 2017, Responded notified the Union that it was terminating the CBA.  *Id.* ¶ 9.  Respondent, therefore, remained bound by the CBA through June 30, 2017.  *Id.* ¶ 10.  The CBA required Respondent to follow the policies and regulations adopted by the Fund's trustees, including the Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy").  *Id.* ¶¶ 13–14.  And, "[t]he CBA required Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union," and to "furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions."  *Id.* ¶¶ 11–12.  In keeping with the CBA, the Funds conducted an audit of Respondent's records for the period of June 28, 2014, through March 26, 2016.  *Id.* ¶ 20.  This audit revealed that Respondent failed to remit contributions totaling $45.84.  *Id.* ¶ 21.

According to the CBA, either the Union or Respondent may seek arbitration of "any dispute or disagreement . . . between the Union and [Respondent], concerning any claim arising from payments to the Fund[s] of principal and/or interest which is allegedly due[.]"  *Id.* ¶ 15.  At the arbitration, "[t]he arbitrator shall have full and complete authority to decide any and all issues raised by submission and to fashion an appropriate remedy including, but not limited to, monetary damages."  *Id.* ¶ 16 (alteration in original).  Both the CBA and the Collection Policy provide that, "should the Funds be required to arbitrate a dispute or file a lawsuit against an employer, the Funds shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of

2

Citibank plus 2%; (2) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies." *Id.* ¶¶ 17–19.

After conducting the audit, Petitioners initiated arbitration proceedings to settle the dispute over the unremitted funds and notified Respondent of the proceedings by regular and certified mail. *Id.* ¶¶ 22–23. The arbitrator held a hearing and then rendered the Award, finding that Respondent violated the CBA by failing to remit all required contributions. *Id.* ¶¶ 24–25. The arbitrator ordered Respondent to pay the Funds $3,988.90, which consisted of the $45.84 Respondents failed to remit, $5.39 of interest, $9.17 of liquidated damages, $400.00 in court costs, $1,500.00 in attorneys' fees, a $1,000 arbitrator fee, and $1,028.50 in audit costs. *Id.* ¶ 25

## DISCUSSION

I. <u>Legal Standard</u>

Arbitration awards are not self-enforcing; rather, they must "be given force and effect by being converted to judicial orders." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Federal Arbitration Act ("FAA") provides that any party in an arbitration proceeding can apply for a judicial decree confirming the award, and a court must grant the award unless it is vacates, modifies, or corrects the award as prescribed by §§ 10 and 11 of the FAA. 9 U.S.C. § 9; *accord Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15 Civ. 9040, 2016 WL 6952345, at *2 (S.D.N.Y. Nov. 28, 2016).

> Section 10 lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers." Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits."

*Finkel v. Pomalee Elec. Co., Inc.*, No. 16 Civ. 4200, 2018 WL 1320689, at *6 (E.D.N.Y. Feb. 22, 2018) (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 577 (2008)) (alterations in original).

District courts have a "narrowly limited" role when reviewing arbitration awards. *Kobel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). The FAA promotes great deference to arbitration panel determinations in order to achieve the goals of settling disputes efficiently and avoiding long and costly litigation. *Id.* Thus, "there is no general requirement that arbitrators explain the reasons for their award . . . and . . . an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (quotation marks and citations omitted).

"[A] district court should treat an unanswered [] petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110. Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must consider all evidence in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Although Respondent has not appeared in this action, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

II.   Analysis

Petitioners argue that they are entitled to confirmation of the Award, post-judgment interest on the Award, attorney's fees, and costs. The Court agrees.

   A. Confirmation of the Award

Petitioners have carried their burden to demonstrate that there is no genuine dispute of material fact with respect to confirmation of the Award, and that they are entitled to confirmation of the Award as a matter of law. It is undisputed that Respondent failed to remit contributions to the Funds in accordance with the terms of the CBA. 56.1 Stmt. ¶ 21; Davidian Decl. ¶ 23, ECF No. 13. It is also clear that disputes about payments to the Funds fall within the scope of the arbitrator's authority. *See* CBA Art. 12 § 2, ECF No. 13-1. The Award is not disputed, nor is there any evidence in the record suggesting that the Award is incorrect. Accordingly, the Court confirms the Award of $3,988.90, plus 5.25% interest accruing from the date of the Award. 56.1 Stmt. ¶¶ 25–26; Arbitrator Op. at 2–3, ECF No. 13-6.

   B. Post-Judgment Interest

"The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Trs. of the Local 7 Tile Indus. Welfare Fund v. Richard's Improvement Bldg. Inc.*, No. 15 Civ. 3898, 2016 WL 6110455, at *11 (E.D.N.Y. Aug. 1, 2016) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)), *report and recommendation adopted* 2016 WL 4764909 (E.D.N.Y. Sept. 12, 2016). Post-judgment interest is governed by the statutory rate in 28 U.S.C. § 1961, which states

> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published

by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment.

28 U.S.C. § 1961 (footnote omitted).

Because the Court's confirmation of the Award is a money judgment in a civil case, Petitioners are entitled to post-judgment interest at the statutory rate.[1]

### C. Attorney's Fees and Costs of Bringing this Petition

In addition to the attorney's fees and costs granted in the Award, Petitioners seek $2,368.50 in attorney's fees and $75 in costs associated with bringing this petition. 56.1 Stmt. ¶¶ 32–33. Although attorney's fees and costs are generally unavailable in an action brought under § 301 of the LMRA, "[a] court may [] exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith." *N.Y. City Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11 Civ. 8425, 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012). In the context of a petition to confirm an arbitration award, an award of attorney's fees and costs is permissible where "the party challenging the award has refuse[d] to abide by an arbitrator's decision without justification." *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union, Local 338*, 118 F.3d 893, 898 (2d Cir. 2007) (alteration in original) (citation omitted); *accord Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *4–5 (awarding attorney's fees and costs where respondent did not comply with an arbitration award or offer a justification for non-compliance). Here, Respondent has not satisfied the Award, nor offered any justification for its failure to do so. Petitioners are, therefore, entitled to an award of reasonable attorney's fees and costs.

---

[1] As noted earlier, the arbitrator granted post-Award interest at a rate of 5.25%, Arbitrator Op. at 3, and the Court has confirmed the Award. The arbitrator's 5.25% rate, however, shall apply only from the date of the Award to the date of this judgment; the statutory rate under 28 U.S.C. § 1961 shall apply to post-judgment interest. *See Maersk Line Ltd. v. Nat'l Air Cargo Grp., Inc.*, No. 16 Civ. 6272, 2017 WL 4444941, at *4–5 (S.D.N.Y. Oct. 4, 2017) (upholding arbitrator's award of 9% interest for period between arbitrator's award and the court's judgment, but applying statutory rate under 28 U.S.C. § 1961 to post-judgment interest).

In order to support their request for attorney's fees, Petitioners must submit "contemporaneous time records [that] specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Virginia & Ambinder ("V&A"), Petitioners' counsel, has submitted contemporaneous time records, which reflect 10 hours of work done to draft and file the petition. ECF No. 14-1. V&A requests fees of $350 per hour for work done by partner attorneys, $275 per hour for work done by associate attorneys, and $120 per hour for work done by legal assistants. 56.1 Stmt. ¶ 30. Other courts in this district have found these rates to be reasonable for V&A attorneys and legal assistants. *See, e.g., Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund et al. v. Eclipse Construction Servs. Inc.*, No. 21 Civ. 7868, 2021 WL 5567752, at *5–6 (S.D.N.Y. Nov. 26, 2021). Accordingly, the Court approves Petitioners' request for $2,707.50 in attorney's fees.

Petitioners also seek to recover $75 in service fees in connection with this case. 56.1 Stmt. ¶ 33. "Recovery of such costs is routinely permitted." *N.Y. City & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases). The Court, therefore, awards $75 to Petitioners for costs.

## CONCLUSION

For the reasons stated above, the petition to confirm the Award is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: January 10, 2022
      New York, New York

_____
ANALISA TORRES
United States District Judge